UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID E. MACKEY,<br><br>        Plaintiff,<br><br>   v.<br><br>COALINGA STATE HOSPITAL, *et al.*,<br><br>        Defendants. | Case No. 1:22-cv-00962-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED<br><br>(ECF No. 12).<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

Plaintiff David E. Mackey, who appears to be a former civil detainee[1], proceeds *pro se* and *in forma pauperis* in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on July 25, 2022. (ECF No. 1).

On February 16, 2023, the Court screened Plaintiff's complaint and found that it failed to state any cognizable claims. (ECF No. 11). The Court provided relevant legal standards and gave Plaintiff thirty days to either: "a: File a First Amended Complaint; or b. Notify the Court in writing that he wants to stand on his complaint." (*Id.* at 11).

On February 23, 2023, Plaintiff filed his First Amended Complaint. (ECF No. 12).

---

[1] An attached exhibit to Plaintiff's amended complaint refers to Plaintiff's status as a patient at DHS Coalinga pursuant to California Penal Code § 2972. (ECF No. 12, p. 8). Individuals detained pursuant to California's Mentally Disordered Offender (MDO) law, California Penal Code §§ 2970, *et seq.*, are considered civil detainees, rather than prisoners within the meaning of the Prisoner Litigation Reform Act. *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000). Plaintiff's motion to proceed *in forma pauperis* indicates that he is not currently incarcerated. (*See* ECF No. 8).

1

Plaintiff's amended complaint generally alleges that various defendants violated his state and constitutional rights because of toxic drinking water that caused Plaintiff cancer and numerous illnesses as well as a nurse that attempted to remove Plaintiff's genitalia.

The Court has reviewed Plaintiff's First Amended Complaint, and for the reasons described in this order, will recommend that this action be dismissed for failure to state a cognizable claim. Plaintiff has twenty-one days from the date of service of these findings and recommendations to file his objections.

## I. SCREENING LEGAL STANDARDS

As Plaintiff is proceeding *in forma pauperis* (ECF No. 10), the Court screens the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc*., 572 F.3d 677, 681 (9th Cir. 2009) (citation and quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II. PRIOR SCREENING ORDER

The Court screened Plaintiff's original complaint and found that Plaintiff did not provide a

2

clear statement of any claim or set forth any cognizable claims. (ECF No. 11). The Court's screening order provided the relevant legal standards for a complaint and for potential causes of action and provided guidance on what Plaintiff needed to allege to state such claims, explaining:

> To the extent that Plaintiff's first claim challenges the conditions of his confinement as a civil detainee, Plaintiff does not include any factual allegations that connect the presence of toxic drinking water to any acts or omissions by any employee, official, or agent of DSH Coalinga. Indeed, Plaintiff's allegations on this issue merely state that Plaintiff did not have "any lung cancer or schizophrenia, and Tardive Dyskinesia, or morbid conditions or Hepatitis C [. . .] from the toxic drinking water," without any information about what an individual did or failed to do in relation to the water, Plaintiff's exposure to the water, or how the water failed to meet safety standards. To the extent that Plaintiff's first claim challenges his eligibility for discharge, Plaintiff does not include sufficient factual allegations that connect a decision not to evaluate or recommend Plaintiff for discharge to any deprivation of right.
>
> Further, to the extent that Plaintiff's first claim alleges that his exposure to Covid-19 violated his right to safe conditions of confinement, Plaintiff does not include sufficient factual allegations that explain how any preventative measures put in place at DSH Coalinga in June 2020 substantially departed from generally accepted standards. . . Nor does Plaintiff identify any individuals who placed Plaintiff personally at risk or otherwise failed to take appropriate preventative measures to protect Plaintiff. Moreover, Plaintiff's allegation that he was forced to be confined and around another individual who may have had COVID-19 is insufficient to state a claim based on unsafe conditions.
>
> . . .
>
> As for Plaintiff's second claim, it is not clear what type of action Plaintiff seeks against the Board of Registered Nursing. Plaintiff alleges that he filed a claim with the Board, but "would like from now for the U.S. District Court to look into this matter." Based on Plaintiff's brief statement of the facts supporting his second claim, it is unclear whether Plaintiff alleges a claim against the Board based on the underlying incident or a claim related to the processing of his grievance.
>
> Accordingly, the Court finds that Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8(a). If Plaintiff chooses to amend his complaint, he should list each claim that he is bringing against each defendant, and include sufficient factual allegations supporting each claim. If Plaintiff does not know the name of a person responsible, he may identify them as John Doe 1, Doe 2, etc., with identifying information such as their title or job duties.

(*Id.* at 7-8) (internal citations and footnote omitted). Further, the Court found that Plaintiff's original complaint alleged claims against defendants entitled to sovereign immunity. (*Id.* at 6). The Court also noted that Plaintiff's original complaint failed to comply with Federal Rules of Civil Procedure 18 and 20 because it included unrelated claims against different defendants. (*Id.*

at 6-7).

The Court granted Plaintiff leave to amend and provided extensive legal standards as to Fourteenth Amendment conditions of confinement claims, including case law relevant to the COVID-19 context. (*Id.* at 8-11).

### III.    SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff's amended complaint names as defendants Coalinga State Hospital ("DSH Coalinga"), Fresno Community[2], Board of Registered Nursing Enforcement Division[3], and Brent Reden. (ECF No. 12, p. 2-3). Brent Reden is further identified as Deputy Chief Counsel Legal Division. (*Id.* at 3). Plaintiff's amended complaint only includes the following factual allegations:

> DSH Coalinga was required to accelerate Plaintiff's discharge at the time of request. Please see exhibits (A)-(B)-(C)-and (D). I was force[d] to drink toxic water that caused lung cancer in left lung and numerous illnesses. Plaintiff alleges that a Nurse at Fresno Community attempted to remove an appendage from Plaintiff's body.
>
> . . .
>
> DSH Coalinga violated Plaintiff's State and Federal Constitutional Rights, and Fresno Community, and the Board of Registered Nursing violated the same rights. A nurse tried to cut off my penis.
>
> . . .
>
> The Plaintiff was forced to drink the toxic water, and shower in it! Which also caused him lung cancer, numerous illnesses. It was $800,000 dollars that I'm asking for relief.

(*Id.* at 2-4).

In support of his amended complaint, Plaintiff includes four exhibits. Plaintiff's Exhibit A is an email from counsel for Disability Rights California sent to Brent Reden on June 25, 2020, and requests that Plaintiff be promptly discharged from DSH Coalinga due to Plaintiff's risk for severe illness if he contracts Covid-19. (*Id.* at 7-17). Plaintiff's Exhibit B is the response to the Disability Rights California discharge request sent from Brent Reden on July 13, 2023. (*Id.* at 18-21). The response indicates the reasons why Plaintiff was not recommended for conditional release in July 2020. (*Id.*) Plaintiff's Exhibit C is a letter from the Board of Registered Nursing

---

[2] Plaintiff's amended complaint does not further identify this defendant. However, the Court believe that Plaintiff is referring to Fresno Community Hospital.

[3] It is not clear to the Court whether Plaintiff is identifying an individual or an entity. The civil complaint form filed out by Plaintiff reads: "C. Name <u>Board of Registered Nursing Enforcement Division</u> is employed as <u>Nurse</u>." (ECF No. 12, p. 3).

dated November 22, 2021, and indicates that the Board received a complaint from Plaintiff. (*Id.* at 22-23). Plaintiff's Exhibit D is a letter dated June 6, 2022, addressed to the Social Security Administration from Plaintiff's physician. (*Id.* at 24-25). The letter states that Plaintiff is at high risk for COVID-19 and tested positive for COVID-19 at DSH Coalinga. (*Id.*) Due to Plaintiff's co-morbid conditions, Plaintiff is a high risk for mortality if confined. (*Id.*)

## IV. ANALYSIS OF PLAINTIFF'S COMPLAINT

### A. Section 1983

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of

5

causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

Supervisory personnel are not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between the supervisory defendant and the claimed constitutional violation must be specifically alleged. *Iqbal*, 556 U.S. at 676-77; *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under section 1983 based on a theory of supervisory liability, a plaintiff must allege some facts that would support a claim that the supervisory defendants either: were personally involved in the alleged deprivation of constitutional rights, *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); "knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation," *Hansen*, 885 F.2d at 646 (citations and internal quotation marks omitted).

For instance, a supervisor may be liable for his or her "own culpable action or inaction in the training, supervision, or control of his [or her] subordinates," "his [or her] acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (citations, internal quotation marks, and brackets omitted).

B.  Analysis of Plaintiff's Toxic Water Claim

Plaintiff alleges that he was forced to drink toxic water, which caused him cancer and other illnesses.

A civil detainee's right to safe conditions is protected by the Due Process Clause of the Fourteenth Amendment. *Youngberg v. Romeo*, 457 U.S. 307, 315 (1982). Civil detainees are "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." *Youngberg*, 457 U.S. at 312. In determining whether the constitutional rights of an involuntarily committed individual have been violated, the court must "balance 'the liberty of the individual' and the 'demands of an organized society.'" *Id*. at 320. A "decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Id*. at 322–23. The professional judgment standard is an objective standard, and it equates "to that required in ordinary tort cases for a finding of conscious indifference amounting to gross negligence." *Ammons v. Wash. Dep't of Soc. & Health Servs.*, 648 F.3d 1020, 1029 (9th Cir. 2011).

The Ninth Circuit has analyzed Fourteenth Amendment conditions of confinement claims under an objective deliberate indifference standard. *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc) (adopting objective deliberate indifference standard pursuant to *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), to evaluate failure to protect claim brought by pretrial detainee). That standard requires that:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
>
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
>
> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and
>
> (4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Id.*; *see also Roman v. Wolf*, 977 F.3d 935, 943 (9th Cir. 2020) (reciting same standard in the context of a federal civil detainee's Fifth Amendment right to safe conditions); *Smith v. Washington*, 781 Fed.Appx. 595, 597-98 (9th Cir. 2019) (relying on standard set forth in *Castro* to review Fourteenth Amendment safe conditions claim brought by civilly committed plaintiffs). "With respect to the third element, the defendant's conduct must be objectively unreasonable, a

test that will necessarily 'turn on the facts and circumstances of each particular case.'" *Castro*, 833 F.3d at 1071 (quoting *Kingsley*, 576 U.S. at 397) (alterations omitted). "To satisfy the fourth element, a plaintiff need only prove a 'sufficiently imminent danger," because a 'remedy for unsafe conditions need not await a tragic event.'" *Roman*, 977 F.3d at 943 (quoting *Helling v. McKinney*, 509 U.S. 25, 33-34 (1993)) (alterations omitted).

Further, a plaintiff asserting a claim pursuant to § 1983 must identify how each defendant personally participated in the deprivation of his rights. *Ashcroft*, 556 U.S. at 676-77. Supervisors may be held liable only if they participated in or directed the violations, or knew of the violations and failed to act to prevent them. *See Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1074–75 (9th Cir. 2013) ("A prison official in a supervisory position may be held liable under § 1983 . . . 'if he or she was personally involved in the constitutional deprivation or a sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation.'") (quoting *Lolli v. Cty. of Orange*, 351 F.3d 410, 418 (9th Cir. 2003)). Plaintiff may not attribute liability to a group of defendants but must "set forth specific facts as to each individual defendant's" deprivation of his rights. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Overt personal participation is unnecessary if the supervisory official "implement[ed] a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted).

Although the Court set forth these (and other) legal standards in its screening order regarding Plaintiff's original complaint, Plaintiff has failed to set forth factual allegations about the alleged unsafe drinking water to state a claim under these standards. Plaintiff alleges that he was forced to drink and shower in toxic drinking water. However, he does not allege that any individual defendant created an unsafe condition. He also does not allege facts that, if true, would show that any defendant made an intentional decision with respect to his conditions, or failed to take reasonable available measures to understand the risk. He does not set forth any facts, beyond his bare conclusion, that the water caused cancer and other illnesses. His allegations thus fail to state a claim for violation of the Fourteenth Amendment based on unconstitutional conditions of confinement.

### B. Analysis of Appendage Claim

Plaintiff alleges that a Nurse at Fresno Community attempted to remove an appendage from Plaintiff's body.

As an initial matter, and as the Court explained in its previous screening order, "[t]he Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an arm of the state, its instrumentalities, or its agencies. However, under Ex Parte Young, the Eleventh Amendment does not bar actions seeking only prospective declaratory or injunctive relief against state officers in their official capacities." *Fireman's Fund Ins. Co. v. City of Lodi, Cal.*, 302 F.3d 928, 957 n. 28 (9th Cir. 2002) (citations and internal quotation marks omitted). Additionally, the Eleventh Amendment does not bar suits seeking damages against state officials in their individual capacities. *Hafer v. Melo*, 502 U.S. 21, 30-31 (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003).

Here, as with Plaintiff's original complaint, Plaintiff's amended complaint includes Defendants who are entitled to Eleventh Amendment Immunity. DSH Coalinga is a part of the California Department of State Hospitals, which is a state agency, and thus, is entitled to Eleventh Amendment immunity from Plaintiff's claims. Further, California Board of Registered Nursing is a state governmental agency, and thus, also entitled to sovereign immunity.

Additionally, Plaintiff's complaint fails to set forth a constitutional claim related to this allegation. Plaintiff does not name any defendant or explain what they did to him that violated his constitutional rights. Although he alleges that a nurse attempted to remove an appendage from his body, he does not allege that the nurse did so intentionally to hurt him, or otherwise to violate his constitutional rights.[4]

## V. RECOMMENDATIONS AND ORDER

Based on the foregoing, the Court recommends that this action be dismissed with prejudice for failure to state a claim, and without granting Plaintiff further leave to amend.

---

[4] Plaintiff does not explicitly assert any state law claim, such as assault or medical negligence, against the Nurse or other defendants. Plaintiff's amended complaint merely states that his "State and Constitutional Rights" were violated. Accordingly, the Court does not address any potential state law claims against the Nurse or other defendants such as assault or medical negligence and recommend that Plaintiff's complaint be dismissed without prejudice to the extent Plaintiff alleges any state law claim. Because the Court recommends that Plaintiff's constitutional claims be dismissed with prejudice, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, and thus, will recommend that dismissal be without leave to amend.

The Court previously explained to Plaintiff the deficiencies in his complaint, provided Plaintiff with relevant legal standards, and provided Plaintiff an opportunity to amend his complaint. Plaintiff filed his First Amended Complaint with the benefit of the Court's screening order, but failed to cure the deficiencies identified by the Court. Thus, it appears that further leave to amend would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (explaining that there is no presumption that a district court should grant leave to amend when it "determines that the pleading could not possibly be cured by the allegation of other facts"); *accord Lukashin v. AllianceOne Receivables Mgmt. Inc.*, 617 F. App'x 812, 813 (9th Cir. 2015) (unreported) (affirming denial of leave to amend where plaintiffs "failed to allege facts sufficient to shows that defendants' alleged conduct was actionable"); *Yegorov v. Hutchenson*, No. 2:18-CV-1095-TLN-DBPS, 2018 WL 4944881, at *2-3 (E.D. Cal. Oct. 11, 2018), *report and recommendation adopted*, 2019 WL 1095132 (E.D. Cal. Jan. 3, 2019) (denying leave to amend where "the complaint consists of a single page of incomprehensible, vague, and conclusory allegations").

Accordingly, the Court HEREBY RECOMMENDS that:

1. Plaintiff's federal claims be dismissed with prejudice for failure to state a claim, and without leave to amend;
2. Plaintiff's state law claims be dismissed without prejudice for failure to state claim, and without leave to amend; and
1. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

\\\
\\\
\\\

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated:  **April 14, 2023**          /s/ Erica P. Grosjean
                              UNITED STATES MAGISTRATE JUDGE